F I L E D
Clerk
District Court
APR 04 2014
for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

JUN WANG, et al.,

               Plaintiffs,

v.

AMERICAN SAI GREEN CORPORATION and JIANGDONG XUE,

               Defendants.

Case No. 1:13-cv-00026

**DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

      This is an employment dispute. Defendants have filed a motion to dismiss the second amended complaint in entirety. (ECF No. 14 (hereinafter "Motion").) The Court GRANTS the motion. It dismisses the federal claims and declines to exercise supplemental jurisdiction over the state law claims.

## I.   BACKGROUND

      This employment dispute arises in a restaurant. There are five Plaintiffs: Jun Wang, Feng Zhen Guo, JinJin Wang, Fang Ming Liang, and DongMei Cheng. (ECF No. 13 at 2 (hereinafter "Complaint").) All are Chinese citizens, all worked at Defendants' restaurants, and all have contract worker visas. (*Id.* at 2–3.) Defendants are two: American Sai Green Corporation ("Sai Green") and Jiandong Xue, who owned Sai Green. (*Id.* at 2.)

      The complaint alleges six causes of action: failure to pay overtime under the Fair Labor Standards Act ("FLSA") (first claim); failure to pay overtime as required by the Commonwealth Minimum Wage and Hour Act ("Minimum Wage Act") (second); breach of contract (third); violation of the Commonwealth Employment Act (fourth); violation of Title VII of the Civil Rights Act (fifth); and equitable relief (sixth). Defendants moved to dismiss all six claims.

1

## II. JURISDICTION

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights), and 28 U.S.C. § 1367 (supplemental).

## III. STANDARD

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the complaint must allege "sufficient facts to raise" a plaintiff's "right to relief above the speculative level." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). It must make the right to relief plausible. *Twombly*, 550 U.S. at 557. All allegations must be assumed true, *id.* at 555–56, but legal conclusions need not be, *Iqbal*, 556 U.S. at 678. The factual allegations must "give fair notice and . . . enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011), *cert. denied*, 132 S. Ct. 2101 (2012). Factual allegations also "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

## IV. DISCUSSION

Defendants have filed a motion to dismiss all six of the complaint's claims. The Court focuses only on the two federal claims, finding both not plausible. The Court then declines to exercise supplemental jurisdiction over the remaining state law claims.

### A. FAIR LABOR STANDARDS ACT

Defendants argue that the FLSA claim should be dismissed for three independent reasons: Defendants are not employers under the act; there is no coverage under the act; and the statute of limitations has passed. Only the second argument has merit.

2

### 1. Employer under FLSA

Defendants argue that the FLSA claim should be dismissed because the complaint does not plausibly establish an employer-employee relationship. (Motion at 5–7.) The Court rejects this argument.

FLSA may only be brought against the plaintiff's employer. *See* 29 U.S.C. §§ 206–07, 216(b). An "employer" under FLSA "includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization." 29 U.S.C. § 203(d).

There may be more than two employers of a single employee. *See Bonnette v. California Health and Welfare Agency*, 704 F.2d 1465, 1469 (9th Cir. 1983), *abrogated on other grounds by Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528 (1985); *see also* 29 C.F.R. § 791.2(a). Defendants correctly contend that the primary test for joint employers is the " 'economic reality' test articulated in *Bonnette* . . . ." (Motion at 6.) This test requires considering "the total employment situation and the economic realities of the work relationship." *See Bonnette*, 704 F.2d at 1470. This includes examining "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *See id.* (internal quotation marks omitted). Whatever the merit of each factor, "[t]he ultimate determination must be based upon the circumstances of the whole activity." *Id.* (internal quotation marks omitted).

A person with a "significant ownership interest" of a corporation may be an employer. *See Boucher v. Shaw*, 572 F.3d 1087, 1091 (9th Cir. 2009) (internal quotation marks omitted). An employer may also be a corporate entity itself. *See* 29 U.S.C. § 203(a); *Baker v. D.A.R.A. II, Inc.*, No. CV–06–2887–PHX–LOA, 2008 WL 191995, *7 (D. Ariz. Jan. 22, 2008).

Defendants Sai Green and Xue are plausibly Plaintiffs' employers. The complaint alleges that Xue owns Sai Green and that both employ Plaintiffs. (Complaint at 2, ¶ 11.) It goes on to detail exactly how Defendants employed Plaintiffs: as cooks, as waitresses, as deliverers. (Complaint at ¶¶ 12–16, 19.) It also details Defendants' abilities to hire and fire Plaintiffs. (*Id.* at 3, ¶¶ 10–11.) And it also alleges that "Plaintiffs took orders from [Defendant] Xue" and that "Plaintiffs received their paycheck from [Defendant] Sai Green." (*Id.*) Sai Green also petitioned for Plaintiffs' work visas. (*Id.* at 2, ¶ 9.) This suffices to "give [Defendants] fair notice and . . . enable [them] to defend itself effectively[,] . . . . such that it is not unfair to require Defendants to be subjected to the expense of discovery and continued litigation," *Starr*, 652 F.3d at 1216.

### 2. Coverage

Defendants argue a second reason why the FLSA claim should be dismissed: The act does not plausibly apply to Defendants. (*See* Motion at 7–8.) The Court agrees.

To bring a FLSA claim, "employees must be 'engaged in commerce or in the production of goods for commerce, or . . . employed in an enterprise engaged in commerce.' " *Chao v. A-One Medical Servs., Inc.*, 346 F.3d 908, 918 (2003), *cert. denied*, 541 U.S. 1030 (2004); *see also* 29 U.S.C. §§ 206–07. In other words, there must be either individual coverage or enterprise coverage. *E.g.*, *id.*; *Dean v. Pacific Bellwether, LLC*, __ F. Supp. 2d __, 2014 WL 539849, *2 (D. N. Mar. I. 2014). There is generally no individual coverage for restaurant employees. *See Dean*, 2014 WL 539849 at *3, 6. And enterprise coverage requires, at minimum, allegations that the employer has "annual gross sales of at least $500,000." *Id.* at *7. The complaint contains no allegations on Sai Green's sales. Nor does it contain any allegations indicating that this is an atypical situation where individual coverage exists for restaurant employees. So neither basis of coverage is plausible, and the FLSA claim is therefore dismissed.

4

Plaintiffs apparently argue that there is coverage because they have contract worker visas. (Opposition at 7.) But this argument falls flat. *See Dean*, 2014 WL 539849 at *6 (rejecting this argument).

### 3. Statute of Limitations

Defendants argue that the statute of limitations bar the FLSA claim. (*See* Motion at 8–10.) The Court rejects this argument.

FLSA imposes a two year statute of limitations for non-willful FLSA violations and a three year period for willful violations. 29 U.S.C. § 255. Each failure to pay legally sufficient wages is a separate cause of action under FLSA for statute of limitations analysis. *See Dent v. Cox Comms. Las Vegas, Inc.*, 502 F.3d 1141, 1144 (9th Cir. 2007). "A violation of the FLSA is willful if the employer 'knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA].'" *Chao*, 346 F.3d at 918.

The complaint plausibly alleges a willful violation. The complaint alleges that both Defendants "required the Plaintiffs to maintain a time card and dictated what hours to put on it . . . ." (Complaint at ¶¶ 10–11.) This language implies that Defendants knew they needed to keep time cards for legal purposes and also that they required Plaintiffs to incorrectly complete their time cards. The EEOC complaint states as much with respect to Plaintiff Guo.[1] (ECF No. 18-2 at 11.) Moreover, the complaint also alleges that Defendants employed Plaintiffs *because* they "were Chinese and thus unknowledgeable of their employment rights under the laws of the US and the CNMI . . . ." (Complaint at ¶ 43(c)–(d).) Such allegation implies that Defendants knew of those

---

[1] A court may consider evidence external to the complaint if: (1) "the complaint refers to the document" "or the document forms the basis of the plaintiff's claim[;]" the document is central to that claim; and no party questions the document's authenticity. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The complaint refers to the EEOC complaint (Complaint at ¶ 3), and Defendants do not question its accuracy.

5

rights. This suffices to "give [Defendants] fair notice and . . . enable [them] to defend itself effectively[,] . . . . such that it is not unfair to require Defendants to be subjected to the expense of discovery and continued litigation," *Starr*, 652 F.3d at 1216.

Because the complaint has plausibly alleged a willful violation, the three year statute of limitations applies for FLSA. Because the complaint alleges at least some acts occurring within these periods (Complaint at ¶¶ 24, 33), the statute of limitations' bar is not absolute.

### B. TITLE VII OF THE CIVIL RIGHTS ACT

Defendants argue that the Title VII claim should be dismissed. (Motion at 13–14.) This is an intentional discrimination claim (Complaint at ¶ 43(b)) and therefore is a Title VII disparate treatment claim, *see Watson v. Fort Worth Bank and Trust*, 487 U.S. 977, 986 (1988). The Court agrees this claim must be dismissed.

To establish a claim of Title VII disparate treatment, a plaintiff must "show[ ] that (1) she belongs to a protected class; (2) she was qualified for her position; (3) she was subject to an adverse employment action; and (4) similarly situated individuals outside her protected class were treated more favorably." *Davis v. Team Elec. Co.* 520 F.3d 1080, 1089 (9th Cir. 2008). Note that failing to allege favorable treatment of others outside the class means the claim must be dismissed. *See Chuang v. Univ. of California Davis, Bd. of Trustees*, 225 F.3d 1115, 1124 n.8 (9th Cir. 2000); *Panelli v. First Am. Title Ins. Co*, 704 F. Supp. 2d 1016, 1024–25 (D. Nev. 2010).

Plaintiffs fail to allege that any persons outside their class of Chinese descent were treated more favorably. Indeed, they allege quite the opposite. Defendants "in fact employ persons only of Chinese origin . . . ." (Complaint at ¶ 43(e).) Accordingly, they do not state a plausible disparate treatment discrimination claim, and this claim is therefore dismissed.

Defendants argue a second reason why this claim fails: It is time-barred. Title VII claims must be brought within 90 days of the plaintiff's receipt of an EEOC right to sue letter. *Scholar v. Pacific Bell*, 963 F.2d 264, 266–67 (9th Cir. 1992), *cert. denied*, 506 U.S. 868. Here, the EEOC issued its right to sue letter on August 14, 2013 (Complaint at ¶ 3; *see also* ECF No. 18-2 at 2), and Plaintiffs filed the original complaint ninety days later (ECF No. 1). So the original complaint was timely.

Defendants claim that because the *amended* complaint was filed 90 days after the EEOC letter's receipt, it must be dismissed, citing two cases for this position. (ECF No. 19.) The cases they cite do suggest that "dismissal of [a] first complaint without prejudice" may "preclude[ ] the prosecution of a new action," *see O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1111 (9th Cir. 2006) (per curiam) (internal quotation mark omitted); *see also Brown v. Hartshorne Pub. Sch. Dist. No. 1*, 926 F.2d 959, 961 (10th Cir. 1991), and the first complaint here was dismissed without prejudice (ECF No. 10 at 2). But Defendants overread this authority. Both cases involved principles of equitable tolling. *O'Donnel*, 466 F.3d at 1111; *Brown*, 926 F.2d at 961. This case is not governed by equity; it is governed by Rule 15: "[A] party may amend its pleading . . . with . . . the court's leave," and the amendment of an existing claim "relates back to the date of the original pleading," Fed. R. Civ. P. 15(a)(2), (c). This Court granted such leave. (ECF No. 10 at 2; ECF No. 12.) This is not a case where the first dismissal order reached a final judgment, thus allowing an appeal. *Cf. O'Donnell*, 466 F.3d at 1111 (stating that the plaintiff should have appealed the dismissal order of the first complaint rather than file a second date). Nor is it a case where Plaintiffs voluntarily dismissed their first complaint under Rule 41. *Cf. Brown*, 926 F.2d at 961 (stating that "[i]t is hornbook law that, as a general rule, a voluntary dismissal without prejudice"—and citing authority involving Rule 41—"leaves the parties as though the action has never been brought."). For these reasons, the Court rejects Defendants' argument that the Title VII claim is time-barred.

## C. STATE LAW CLAIMS

Both the FLSA the Title VII claims have been dismissed. The only remaining claims arise under Commonwealth law. When all federal claims are dismissed before trial, a district court may decline to exercise supplemental jurisdiction and dismiss the state law claims as well. *See* 28 U.S.C. § 1367(c); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). "[I]n the usual case[,] . . . the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ.*, 484 U.S. at 350 n.7.

The Court dismisses the remaining state law claims. Little time has been spent in this matter; discovery has not even begun. Nor was the motion to dismiss particularly complicated. Plus, comity and efficiency favors dismissal. Many aspects of the Minimum Wage Act have not been defined by Commonwealth courts. So this Court deciding them would both require non-trivial effort and deprive the Commonwealth courts of the opportunity to clarify their statutes.

## D. LEAVE TO AMEND

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 926 (9th Cir. 2012) (en banc). Plaintiffs could potentially allege facts making the federal claims plausible. Accordingly, leave to amend is granted.

## V. CONCLUSION

For the foregoing reasons, the motion to dismiss is granted. The complaint is dismissed without prejudice. An amended complaint shall be filed, if at all, no later than two weeks from the date of this opinion. If no complaint is filed, the Clerk of Court is directed to enter final judgment in favor of Defendants.

SO ORDERED this 4th day of April, 2014.

/s/ Ramona V. Manglona
RAMONA V. MANGLONA
Chief Judge